**JOSEPH M. MEIER, ISB No. 3314**
**COSHO, HUMPHREY, LLP**
800 W. Park Blvd., Suite 790
P.O. Box 9518
Boise, ID 83707
Telephone:    (208)344-7811
Facsimile:    (208)338-3290
E-mail: jmeier@cosholaw.com

Attorneys for Debtor-in-Possession

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF IDAHO

| In Re: | ) Chapter 11 |
|---|---|
| | ) Case No. 10-40200 |
| TED MILLER DAIRY, LLC, | ) |
| | ) **MOTION SEEKING AUTHORITY TO** |
| Debtor. | ) **USE CASH COLLATERAL AND** |
| | ) **APPLICATION FOR AUTHORITY TO** |
| | ) **GRANT LIEN; NOTICE OF HEARINGS;** |
| | ) **AND NOTICE OF TIME FOR** |
| | ) **OBJECTIONS** |

TED MILLER DAIRY, LLC, a debtor-in-possession (hereinafter "Debtor") moves this court for an order approving the use of cash collateral. Further, Debtor applies for permission to obtain secured credit. This motion is made pursuant to 11 U.S.C. § §363, 364, Rule 4001(b) and (c), Rule 9014 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 4001.1. In support of this motion Debtor asserts as follows:

1.    This proceeding was filed on February 17, 2010.

2.    The Debtor has filed all of its schedules A through H. It has not filed its Statement of Financial Affairs. The assets which Debtor desires to use under this motion are:

A.    Proceeds from Milk consisting of the approximate sum of **$4,000.00** located in the Wells Fargo Bank Account and described in schedule B.2 filed by Debtor

**MOTION RE: USE CASH COLLATERAL AND GRANT LIEN, Page 1**
20652-003/543615 JMM/jib  February 17, 2010

B.     Collectible Milk Receivables consisting of approximately **$500,000.00** (consisting of approximately $240,000 expected to be received on or about February 18, 2010 and the sum of approximately $260,000 due on or about March 1, 2010) described in schedule B.16.

C.     Feed inventory on hand in the amount of approximately **$1,208,027.00**

D.     Proceeds from cows sold from time to time.

The total of this cash collateral (described in subparagraphs A to D) is **$1,712,027.00.**

3.     The following creditors claim a lien in the cash collateral or were discovered to claim a lien by virtue of a lien search conducted with the Secretary of State of the State of Idaho, the order listed is the chronological order in which they were filed with the office of the secretary of state:

a.     Wells Fargo Bank claims a lien on all milk receivables and cows by virtue of UCC-1F filed in 2004 and continued in 2009 (the filed continuance is not signed by the Debtor) and an UCC-1 filed in 2003 and continued in 2008. The Debtor's records reflect that it is indebted to Wells Fargo Bank in the amount of approximately $5,900,000.00 under a note most recently executed on February 2009. This creditor's lien also describes equipment, cows (dairy) and cows (beef). It is unclear whether this creditor is perfected on titled vehicles held by Debtor.

b.     Northwest Farm Credit Services may claim a lien in milk proceeds by virtue of a UCC-1 filed with the Idaho Secretary of State. Debtor does not show an obligation owed to this creditor on its books. The lien may be related to the lease payment that Debtor pays its landlord Jane Ledbetter d.b.a. C Bar M on its lease of the dairy facility. Jane Ledbetter owns the fee title to the dairy property subject to a Mortgage lien in favor of Northwest Farm Credit on that Dairy.

4. The Debtor owns equipment, cows, office equipment and vehicles subject to liens held by Wells Fargo and one Skid Steer subject to a lien held by CNH America, but in this motion Debtor is not seeking to use cash collateral related to these other assets, except the cull cows which Debtor will sell in the normal course of animal husbandry.. As stated above, Wells Fargo Bank also claims a lien in the other assets of the Debtor. Debtor has described these other assets as the follows:

    a. Misc equipment totaling: $632,200;

    b. Office equipment totaling $1,500.00;

    c. Junior lien on Case 420 Skid Steer: $11,949 (CNH holds lien on equipment worth $20,000, which secures a debt of $8,051);

    d. Cows and heifers: $3,962,788.00; and

    e Equipment and leasehold improvements; $100,000.

5. The cash collateral, which Debtor desires to use, consists of the **$1,712,027** described in subparagraph 2 A through D above. As disclosed on the budget attached hereto as Exhibit "1" and incorporated herein by this reference, Debtor shall use the proceeds to pay expenses as more particularly described in the attached exhibit. Debtor also will be using feed inventory to feed the cows secured by Wells Fargo. Debtor projects use of existing feed at approximately $150,000 per month. In further support of the application to use this cash collateral the Debtor represents as follows:

    A. Debtor has exhausted all potential sources of secured or unsecured indebtedness enabling it to pay its ongoing operating expenses.

    B. The creditors known to the Debtor who are claiming liens in the cash collateral are disclosed above.

**MOTION RE: USE CASH COLLATERAL AND GRANT LIEN, Page 3**
20652-003/543615 JMM/jib  February 17, 2010

C. Pursuant to Rule 4001(b)(2) and (c)(2) of the Federal Rules of Bankruptcy Procedure, Debtor requests a preliminary hearing as Debtor requires the use of cash collateral prior to final hearing in an amount necessary to pay the expenses which are itemized on Exhibit "2" attached hereto and incorporated herein by this reference described under the column "February 18 to March 18 until a final hearing can be conducted in March 2010. These expenses include, among other things, feed, operating expenses, utilities, fuel, supplies and funds to pay the payroll. These expenses will need to be incurred before the final hearing on Debtor's motion. These are the expenses that will be incurred and the Debtor requests authority to pay until a final hearing can be conducted. Debtor also needs to continue to use the existing feed to feed the animals which it projects shall be $150,000 in feed per month.

Exhibit "1" also sets forth the cash collateral, which the Debtor requests to be used through the date a plan is confirmed; further order of the Court; or December 31, 2010, whichever first occurs. Without the payment of the expenses identified in the budget, immediate and irreparable harm shall occur as the employees may be required to obtain other employment, cows will not be milked; or fed; insurance and fuel needed to operate will not be available; and utility companies may shut off supply.

6. Pursuant to Local Bankruptcy Rule 4001.1 Debtor states as follows:

a. The amount of cash collateral estimated to be on hand on February 17, 2010 is: $**1,712,027**

b. The amount of the replacement lien, offered as adequate protection to Wells Fargo Bank, and any other creditor that claims a lien in the cash collateral shall not exceed the amount of cash collateral used and shall be a lien on the following: post-petition Milk Receivable, proceeds from milk and feed acquired after February 17, 2010.. The priority of the lien shall be in the same priority as existed in the petition date.

**MOTION RE: USE CASH COLLATERAL AND GRANT LIEN, Page 4**
20652-003/543615 JMM/jib  February 17, 2010

    c.  The financial and other information demonstrating the need for and projected use and disposition of the cash collateral is described on Exhibit "1" and "2" attached to this motion. The emergency request is set forth in Exhibit "2". The final request is set forth in Exhibit "1".

    d.  The creditors claiming liens against the cash collateral are identified above.

    e.  The adequate protection to be provided to Wells Fargo Bank and any other entity proving an interest in the cash collateral shall be the grant of a post petition lien in the post petition milk receivable, proceeds and feed. Further Debtor shall provide to Wells Fargo Bank and any other creditor who requests the same a copy of all monthly reports filed by it with the US Trustee. Further it shall provide a monthly report showing income projected as well as income received and expenses requested vs. expenses incurred. The Debtor shall not vary in any expense category by more than 10% but in any event the total monthly expenses shall not exceed the total monthly expenses projected.

  DATED this 17th day of February, 2010.

        COSHO HUMPHREY, LLP

            /s/ Joseph M. Meier_____
            By:  Joseph M. Meier
            Attorneys for Debtor

## NOTICE OF HEARINGS

The following hearings shall be conducted:

A preliminary hearing shall be conducted at **9:30 o'clock a.m. on February 24, 2010**, before the United States Bankruptcy Court, **801 E. Sherman Street, Pocatello, Idaho**, to consider Debtor's request for emergency use of cash collateral from the date of the bankruptcy petition until a final hearing and to grant a lien in post-petition accounts receivables.

A final hearing shall be conducted at **9:30 o'clock a.m. on March 22, 2010**, before the United States Bankruptcy Court, **550 West Fort Street, Boise, Idaho**, to consider Debtor's request for use of cash collateral and to grant a lien in post-petition accounts receivables.

## NOTICE OF TIME FOR WRITTEN OBJECTIONS

In the event you object to the Debtor's motion to be heard at the final hearing you must file a written objection on or before five days before the hearing. Service of a copy of that written objection shall be made on the attorney for the Debtor described above. No objection shall be required before the preliminary hearing.

DATED this 17th day of February 2010.

COSHO HUMPHREY, LLP.

/s/ Joseph M. Meier_____
By: Joseph M. Meier
Attorneys for Debtor

# CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that on the __17th___ day of February, 2010, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

US Trustee    ustp.region18.bs.ecf@usdoj.gov

AND I FURTHER CERTIFY that on such date I served the foregoing on the following non-CM/ECF Registered Participant and creditors on the attached list via first class mail with postage prepaid addressed as follows:

                   /s/ Joseph M. Meier_____
                    JOSEPH M. MEIER

**MOTION RE: USE CASH COLLATERAL AND GRANT LIEN, Page 7**
20652-003/543615 JMM/jib  February 17, 2010