Larry E. Prince (ISB#1759)
Robert A. Faucher (ISB#4745)
E-Mail:  lprince@hollandhart.com
        rfaucher@hollandhart.com
HOLLAND & HART LLP
Suite 1400, U.S. Bank Plaza
101 South Capitol Boulevard
P.O. Box 2527
Boise, Idaho  83701-2527
Telephone:  (208) 342-5000
Facsimile:  (208) 343-8869

Attorneys for Creditor Wells Fargo Bank,
National Association

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF IDAHO

| In re: | |
|---|---|
| TED MILLER DAIRY, LLC, | Case No. 10-40200-JDP<br>Chapter 11 |
| Debtor. | |

## LIMITED OBJECTION TO MOTION TO USE
## CASH COLLATERAL (WELLS FARGO)

COMES NOW, Wells Fargo Bank, National Association ("Wells Fargo"), and objects to the Motion Seeking Authority to Use Cash Collateral and Application for Authority to Grant Lien; Notice of Hearings; and Notice of Time for Objections (Dkt. No. 6) (the "Motion") filed by Ted Miller Dairy, LLC ("Debtor") on the following limited grounds:

1.    The Debtor's offer of adequate protection for the use of Wells Fargo's Cash Collateral is not sufficient in that, among other things:  (a) the proposed reporting requirements will not provide Wells Fargo with sufficient information to protect Wells Fargo's interests in its collateral; (b) the proposed replacement lien does not include post-petition livestock, even

**LIMITED OBJECTION TO MOTION TO USE CASH COLLATERAL (WELLS FARGO) - 1**

though Debtor proposes to sell some of its livestock post-petition and use the proceeds from such sales; (c) the Debtor is not required to segregate the Cash Collateral as required by § 363(b)(4) of the Bankruptcy Code; (d) there are no inspection rights for Wells Fargo or insurance requirements. Wells Fargo requests that any order entered authorizing the Debtor to use Cash Collateral be in form and substance identical to the proposed Interim Order Authorizing Use of Cash Collateral attached to this objection as **Exhibit A**; and

2. Fed.R.Bank.P. 4001(b)(2) provides that after a preliminary hearing and before the final hearing the "court may authorize the use of only that amount of cash collateral as is necessary to avoid immediate and irreparable harm to the estate pending a final hearing." The Debtor has failed to established that it will suffer immediate and irreparable harm if it is not authorized to pay the following items in its budget for the period between February 18, 2010 and March 22, 2010 (the date for the final hearing on the Motion):

| | | |
|---|---|---|
| a. | Equipment payments | $ 1,150.00 |
| b. | Janey draw | $ 3,750.00 |
| c. | Dairy rent | $72,500.00 |
| d. | Legal and accounting | $ 5,000.00 |
| e. | Consulting | $ 6,000.00 |

The Debtors states in the Motion that Jane Ledbetter d.b.a. C Bar M owns the fee title to the dairy property (See Motion, p. 2) and Jane Ledbetter is the Debtor's sole member and its managing member (See List of Equity Security Holders, Dkt. No. 1). It is presumed that the line item "Janey draw" of $3,750.00 is to be paid to Jane Ledbetter. The Debtor thus proposes paying its sole member $76,250.00 on an emergency basis ($72,500.00 for "Dairy rent" and $3,750.00 for the "Janey draw.". Further, pursuant to § 365(c)(3) the Debtor may request the

**LIMITED OBJECTION TO MOTION TO USE CASH COLLATERAL (WELLS FARGO) - 2**

Court to extend the time for the performance of its obligations under the lease of the dairy property for sixty (60) days after the date of the Order for Relief. If this was done there would, of course, not be any emergency or irreparable harm to the Debtor if the lease payment(s) are not paid prior to the final hearing on the Motion. In addition, the Debtor's Schedule G – Executory Contracts and Unexpired Leases (Dkt. No. 1) lists a lease for the dairy facility between C Bar M and the Debtor with the lease payment being $36,250.00 per month. The Debtor is this presumptively seeking to pay two (2) months of rent payments, one of which could, of course, be a pre-petition rent payment. Further, the Debtor does not disclose in its Motion that it has a note receivable due from C Bar M Dairy in the amount of $2,150,779.00 (See Schedule B – Personal Property, 16 Accounts Receivable, Dkt. No. 1). This note receivable is far more than sufficient to offset any obligations the Debtor may have under any lease agreement with its sole member Jane Ledbetter d.b.a. C Bar M. Finally, as is set forth below in Section 3, just prior to the Petition Date the Debtor prepared and provided Wells Fargo with a budget which included a line item for Dairy rent in the amount of $10,250.00, not $72,500. The Debtor should not be authorized to use Wells Fargo's Cash Collateral on an emergency basis to pay the items listed above because the Debtor has not established that if they are not paid the Debtor will suffer immediate and irreparable harm.

3. The Debtor prepared and provided Wells Fargo with a budget on February 9, 2010 for a period that included March 2010. A copy of the March 2010 budget which was included in the one prepared and delivered by Debtor on February 9, 2010 is attached to this objection as **Exhibit B** (the "March Budget"). The bottom portion of the March Budget concerned a potential sale of property and has been redacted.

**LIMITED OBJECTION TO MOTION TO USE CASH COLLATERAL (WELLS FARGO) - 3**

The budget attached to the Debtor's Motion as exhibit 2 (the "Cash Collateral Budget") is for the period from February 18, 2010 to March 22, 2010, which is 32 days.  The March Budget previously provided by Debtor on February 9, 2010 is for March, 2010, which has 31 days.  As a result, the Cash Collateral Budget is only for one day more than the March Budget.  A comparison of the Cash Collateral Budget to the March Budget discloses that the Debtor has grossly inflated its projected revenues and the expenses for which it seeks authority to pay.  The following compares the Cash Collateral Budget to the March Budget:

- Total Revenue - increase of $242,000, from $472,000 to $714,000
- Employee Advance - increase of $325, from $650 to $975
- Medicare - increase of $550, from $1,100 to $1,650
- Social Security - increase of $2,250, from $4,500 to $6,750
- Fed/State Withholding - increase of $700, from $1,400 to $2,100
- Note Payable Wells Fargo - decrease of $99,000, from $99,000 to $0
- Equipment Payments - increase of $575, from $575 to $1,150
- Janey Draw - increase of $1,250, from $2,500 to $3,750
- Grain Payments - increase of $75,000, from $150,000 to $225,000
- Other Feed - increase of $22,500, from $45m to $67,500
- Heifer Raising - increase of $13,500, from $19,500 to $33,000
- Dairy Rent - increase of $62,250, from $10,250 to $72,500 (original budget never had any rent payments!)
- Wages - increase of $31,000, from $62,000 to $93,000
- Medicare - increase of $2,800, from $5,600 to $8,400
- Workers Comp - increase of $2,783, from $2,783 to $5,566
- Insurance - increase of $3,500, from $3,500 to $7,000
- Supplies - increase of $7,000, from $14,000 to $21,000
- Repairs - increase of $7,500, from $15m to $22,500
- Power - increase of $9,000, from $8,000 to $17,000
- Legal & Accounting - increase of $1,500, from $3,500 to $5,000
- Wells Fargo Interest - increase of $33,641, from $21,359 to $55,000
- Consulting - increase of $4,000, from $2,00 to $6,000
- Drugs - increase of $9,000, from $18,000 to $27,000
- Vet - increase of $950, from $3,800 to $4,750
- Hoof Trimming - increase of $1,375, from $3,000 to $4,375

The budget attached to the proposed Interim Order Authorizing Use of Cash Collateral attached to this objection at **Exhibit A** is based on the Debtor's actual expenditures as reported

**LIMITED OBJECTION TO MOTION TO USE CASH COLLATERAL (WELLS FARGO) - 4**

by the Debtor to Wells Fargo for the Months of November and December, 2009, and January, 2010 and thus should more accurately reflect the amounts necessary for the Debtor to expend on an emergency basis.

It is Wells Fargo's understanding that the Debtor has more than sufficient hay and silage on hand to allow it to feed its cattle during the remainder of February and March 2010. While Wells Fargo does not object to the purchase of new feed, Wells Fargo is concerned that the line items in the Debtor's Cash Collateral Budget for feed is intended to be used, at least in part, to pay pre-petition amounts due feed suppliers, and not to purchase post-petition feed. Debtor cannot pay pre-petition obligations with the use of Wells Fargo's cash collateral. In addition, if additional feed is not acquired the value of Wells Fargo's security interest in the pre-petition feed will be significantly reduced.

Based on the foregoing, Wells Fargo requests that the Court enter the proposed Interim Order Authorizing Use of Cash Collateral attached to this objection as **Exhibit A.**

Dated this 22 day of February 2010.

HOLLAND & HART LLP

By _____
Larry E. Prince, Attorneys for Wells Fargo
Bank, National Association

## CERTIFICATE OF SERVICE

I hereby certify that on this ___22nd___ day of February 2010, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

jmeier@cosholaw.com<br>
david.w.newman@usdoj.gov<br>
ustp.region18.bs.ecf@usdoj.gov

I further certify that on this same day, I deposited the foregoing in the U.S. Mail, postage prepaid, addressed to the following:

US Trustee
Washington Group Central Plaza
720 Park Blvd. Suite 210
Boise, ID 83712

Holland & Hart LLP

4737766_1.DOC

**LIMITED OBJECTION TO MOTION TO USE CASH COLLATERAL (WELLS FARGO) - 6**