Ron Kerl, Esq. ISB #1768
**COOPER & LARSEN, CHARTERED**
151 North Third Avenue, Second Floor
P.O. Box 4229
Pocatello, ID 83205-4229
Telephone:    (208) 235-1145
Facsimile:    (208) 235-1182
E-mail: ron@cooper-larsen.com

*Counsel for Northwest Farm Credit Services, FLCA*

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | |
|---|---|
| In re: | CASE NO. 10-40200-JDP |
| | **CHAPTER 11** |
| TED MILLER DAIRY, LLC | |
| | **CLAIM TREATMENT** |
| Debtor. | **STIPULATION** |

COMES NOW NORTHWEST FARM CREDIT SERVICES, FLCA (hereinafter referred to as 'FCS'), by and through its attorneys of record, the above named Debtor, and Gregory A. Ledbetter and Jane F. Ledbetter, individually, and hereby stipulate as follows:

1. Description of FCS's Allowed Secured Claim.

   a. The Debtor, Gregory A. Ledbetter, and Jane F. Ledbetter did owe FCS on the date the Debtor filed its Petition herein, the sum of $3,025,213.00. This sum is reflected in FCS's Proof of Claim filed with the Court.

   b. The Debtor, Gregory A. Ledbetter, and Jane F. Ledbetter owe this amount by reason of their execution of Note and Loan Agreement dated December 27, 2006, in the original amount of $3,200,000.00 secured by a Mortgage on certain real property owned at the time by co-makers Gregory A. Ledbetter and Jane F. Ledbetter. The real property collateral is located in the Counties of Gooding and Jerome, state of Idaho. The mortgage was recorded on December 28, 2006, as Instrument No. 219680, records of Gooding County, Idaho, and as Instrument No. 2067836, records of Jerome County, Idaho (hereinafter the Note and Loan Agreement and Mortgage are referred to collectively as "loan documents"), true and accurate copies of which are attached to FCS's Proof of Claim.

**Chapter 11 Stipulation for Treatment of Claim**
**Page 1**

2. **Stipulation Consenting to Terms of Reorganization.** Debtor, Gregory A. Ledbetter, and Jane F. Ledbetter are currently in default under the terms and conditions of the Loan Documents. On April 27, 2010, the Debtor, Gregory A. Ledbetter, and Jane F. Ledbetter were delinquent in the following amounts: Past Due Principal in the amount of $33,128.60, Past Due Interest in the amount of $38,823.95, Past Due Default Interest in the amount of $782.71, and Attorney Fees of $530.00. The Debtor desires to confirm a Plan of Reorganization under Chapter 11 of the Bankruptcy Code which provides for the payment of all of the indebtedness Debtor, Gregory A. Ledbetter, and Jane F. Ledbetter owe to FCS, including any past due amount. FCS is willing to consent to such bankruptcy reorganization under the terms and conditions hereinafter set forth. The Debtor, Gregory A. Ledbetter, and Jane F. Ledbetter agree to timely perform the promises and covenants hereinafter set forth:

   a. **Amount of FCS's Allowed Secured Claim.** The claim of FCS is fully secured. The approximate balance of FCS's allowed secured claim as of April 27, 2010, is the sum of $3,001.107.97. In addition to said sum are accruals of interest, costs and expenses incurred by FCS subsequent to that date, including attorney's fees, appraisal fees and costs incurred by FCS in response to these bankruptcy proceedings, which expenses are not reflected in FCS's Proof of claim on file herein. Debtor is entitled to credit for post-petition payments made on the Loan. The Debtor agrees that the full amount of FCS's claim, including the accrual of post-petition attorney's fees, appraisal fees, costs, interest and other charges permitted by the loan documents, as of the date of confirmation of Debtor's Plan, shall be the amount of FCS's allowed secured claim.

   b. **Payment of FCS's Allowed Secured Claim.** FCS's allowed secured claim shall be paid by the Debtor in the following manner:

      i. **Interest Rate.** The Interest Rate on the amount of FCS's allowed secured claim, as defined above, is a 3 year ARM variable rate, currently 4.15 percent (4.15%) per annum. The next scheduled re-pricing date is January 1, 2013 and the maturity date is January 1 2027. The specific terms related to the Debtor's interest rate is set out in the Loan Documents.

      ii. **Loan Reamortization.** The amount of any delinquent installments due at the time of confirmation shall be re-amortized over the remaining term of this

Chapter 11 Stipulation for Treatment of Claim
Page 2

        Loan and paid by the Debtor in monthly installments, with the first Monthly installment payment due on the 1st day of the month following confirmation of the Debtor's Chapter 11 Plan of Reorganization. The monthly installments shall thereafter continue until the whole of FCS's allowed secured claim is paid in full on or before January 1, 2027.

    iii.   <u>Lien Retention</u>. FCS shall, until its allowed secured claim is paid in full, retain its lien in the real and personal property as provided in its loan documents. The lien of FCS in its collateral shall be deemed to be valid, enforceable and duly perfected and no filing or other act in accordance with applicable state law shall be necessary to create or perfect such liens and security interests.

c.   <u>Default, Notice, Stay Relief</u>. Should Debtor default in complying with any of the terms and conditions of this Stipulation after the entry of the Confirmation Order approving this Stipulation, and said default shall remain uncured for a period of 30 days after receipt by Debtor of a written notice and demand to cure by FCS, FCS shall be entitled to immediate entry of an order annulling, terminating, modifying and removing the automatic stay, as it relates to the real and personal property securing its claim, without further notice to the Debtor and without further judicial proceedings. In the event the stay is no longer in effect at the time of default, pursuant to 11 U.S. §§362(d) and 1141(d), or otherwise, FCS may thereupon proceed to foreclose and enforce its liens in any collateral held by it to secure repayment of the total amount of Debtor's obligation owed to FCS. FCS may pursue any and all of its contractual rights and remedies available as a creditor or as a secured party under the loan documents or as otherwise provided by law, including, but not limited to, foreclosure of its's liens. In the event of a default, as described herein, the full amount owed to FCS will be accelerated and become immediately due, owing and payable in full regardless of any Plan provision, the terms of this Stipulation or otherwise, and FCS will be entitled to collect the full amount then due and owing, including all accrued interest at the rates established by the loan documents, fees and costs and be entitled to pursue Debtor for any deficiency.

d.   <u>Provide Yearly Financial Information</u>. Debtor shall provide to FCS, annually, within 120 days of the end of its fiscal year which ends on December 31 of each year, in a form prescribed by or acceptable to FCS, current balance sheets, current income and expense statements and a dairy budget certified to be complete and accurate by the Debtor. If Debtor fails to provide the required financial information within 30 days of the date Debtor was required to do so, default interest on the unpaid balance of FCS 's secured claim shall thereupon commence to accrue until the requested financial information is provided by the Debtor.

e.   <u>Stipulation Shall Become Integral Part of Reorganization</u>. It is expressly agreed that all terms and provisions of this Stipulation shall become an integral part of and shall be incorporated into any plan of reorganization proposed by the Debtor. It is further

**Chapter 11 Stipulation for Treatment of Claim**
**Page 3**

agreed that nothing in Debtor's plan of reorganization will alter, amend or modify the terms of this Stipulation. To the extent the terms of any plan of reorganization proposed by the Debtor is inconsistent with the terms of this Stipulation, the terms of this Stipulation shall control the rights and responsibilities of the parties hereto. It is further agreed that the terms and conditions of this stipulation, and any order approving the same shall be binding upon all parties herein, including any trustee, receiver or other representative who qualifies under the Bankruptcy Code, and/or any trustee which may subsequently be appointed in this case or in any other state or federal proceedings (including a Chapter 7 liquidation), and will remain in full force and effect should these Chapter 11 proceedings be dismissed, converted to a proceeding under any other chapter of the Bankruptcy Code, or in any subsequent modification of Debtor's Chapter 11 Plan.

f.  Default Interest. Notwithstanding the interest rates provided for in the original loan documents and the terms of this Stipulation, following the confirmation of a Plan incorporating the terms of this Stipulation, all past due installments, and the entire balance once accelerated shall accrue interest at a default rate which shall be equal to the interest rate then in effect plus 4% per annum until the same have been paid in full by the Debtors.

g.  Original Loan Documents Remain in Effect. Except as expressly modified by this Stipulation, Debtor, Gregory A. Ledbetter and Jane F. Ledbetter agree that the terms of the original loan documents shall remain in effect, and they further agree to comply with all of the terms and conditions contained in the loan documents.

h.  Written Notice. Any written notice required by this Stipulation shall be complete if mailed by first class mail, postage prepaid, to the Debtor at its last known address and Debtor's bankruptcy attorney, Joseph M. Meier, Esq. The Debtor is required to notify FCS, in writing, of any change in its mailing address.

i.  FCS's Remedies Upon Default. In the event of any default under the terms of this Stipulation or any confirmed Plan consistent herewith, and in addition to those remedies otherwise set out in this Stipulation, FCS shall have all of the following remedies, which are not exclusive and are cumulative:

   i.  The right to proceed to obtain a judgment, decree of foreclosure and order of sale from a court of competent jurisdiction, as it respects FCS's real estate collateral; obtain possession of such collateral by judicial process, without the posting of a bond, any law to the contrary notwithstanding; or otherwise enforce its contractual rights against the Debtors, with or without suit.

   ii. Exercise any and all rights which FCS may have as a matter of law or equity and as specified in the underlying loan documents executed by Debtor, Gregory A. Ledbetter, and Jane F. Ledbetter . Any delay or omission on the part of FCS in exercising any right or remedy shall not operate as a waiver of

        such right or remedy, or any other rights or remedies; and

        iii.    Exercise any and all rights provided by bankruptcy law.

    j.    <u>Additional Documents</u>. Debtor agrees to execute any and all documents necessary to affect the terms and conditions of this stipulation, and, further, agrees to take such action as may be reasonably required to seek timely approval of this stipulation, after appropriate notice and hearing, by the Bankruptcy Court.

    k.    <u>Mutual Release of Claims</u>. FCS forever releases Debtor, Gregory A. Ledbetter and Jane F. Ledbetter, and Debtor, Gregory A. Ledbetter, and Jane F. Ledbetter forever release FCS from any and all claims or causes of action, contractual, tortious, or otherwise, known or unknown, arising from any act or omission prior to the date of this Agreement. This mutual release extends to the parties mentioned and all of their predecessors, successors, and assigns; parent, subsidiary, and related corporations or businesses; and all of their past and present officers, directors, employees, agents, attorneys, and representatives. **This mutual release does not release the parties from their obligations as set forth in this Stipulation or the Loan Documents.**

    3.    <u>Retained Jurisdiction</u>. It is further agreed that the Bankruptcy Court shall have and retain jurisdiction over the parties and subject matter of the stipulation and any order approving the same, for the purpose of resolving any dispute relating to the rights and duties specified hereunder.

DATED This 29 day of July, 2010.

**NORTHWEST FARM CREDIT SERVICES, FLCA**

By _Kim Herzinger_                          Dated: 7-29-10
    Kim Herzinger, its authorized agent

APPROVED: _Ron Kerl_                     Dated: 7/30/10
Ron Kerl, attorney for Northwest Farm Credit Services, FLCA

**TED MILLER DAIRY, LLC**

By _____    Dated: _____
    Jane F. Ledbetter, its authorized agent

**Chapter 11 Stipulation for Treatment of Claim**
**Page 5**

APPROVED:

_____        Dated: _____
Joseph M. Meier, attorney for Debtor

_____        Dated: 7-29-10
Gregory A. Ledbetter, individually

_____        Dated: _____
Jane F. Ledbetter, individually

**Chapter 11 Stipulation for Treatment of Claim**
**Page 6**

such right or remedy, or any other rights or remedies; and

iii. Exercise any and all rights provided by bankruptcy law.

j. Additional Documents. Debtor agrees to execute any and all documents necessary to affect the terms and conditions of this stipulation, and, further, agrees to take such action as may be reasonably required to seek timely approval of this stipulation, after appropriate notice and hearing, by the Bankruptcy Court.

k. Mutual Release of Claims. FCS forever releases Debtor, Gregory A. Ledbetter and Jane F. Ledbetter, and Debtor, Gregory A. Ledbetter, and Jane F. Ledbetter forever release FCS from any and all claims or causes of action, contractual, tortious, or otherwise, known or unknown, arising from any act or omission prior to the date of this Agreement. This mutual release extends to the parties mentioned and all of their predecessors, successors, and assigns; parent, subsidiary, and related corporations or businesses; and all of their past and present officers, directors, employees, agents, attorneys, and representatives. This mutual release does not release the parties from their obligations as set forth in this Stipulation or the Loan Documents.

3. Retained Jurisdiction. It is further agreed that the Bankruptcy Court shall have and retain jurisdiction over the parties and subject matter of the stipulation and any order approving the same, for the purpose of resolving any dispute relating to the rights and duties specified hereunder.

DATED This 29 day of July, 2010.

NORTHWEST FARM CREDIT SERVICES, FLCA

By: _____          Dated: 7-29-10
    Kim Herzinger, its authorized agent

APPROVED:
    _____          Dated: 7/30/10
Ron Kerl, attorney for Northwest Farm Credit Services, FLCA

TED MILLER DAIRY, LLC

By _____          Dated: 7/31/10
    Jane F. Ledbetter, its authorized agent

Chapter 11 Stipulation for Treatment of Claim
Page 5

APPROVED:

_____  Dated: 7-30-10
Joseph M. Meier, attorney for Debtor

_____  Dated: 7-29-10
Gregory A. Ledbetter, individually

_____  Dated: 7/29/10
Jane F. Ledbetter, individually

Chapter 11 Stipulation for Treatment of Claim
Page 6