UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

_____

| | |
|---|---|
| **In Re**<br><br>TED MILLER DAIRY, LLC,<br><br>　　　　Debtor. | **Bankruptcy Case<br>No. 10-40200-JDP** |

_____

MEMORANDUM OF DECISION
_____

On July 27, 2010, the Court conducted a hearing concerning Debtor's Motion to Use Cash Collateral, Docket No. 73, the objection of Wells Fargo Bank ("Creditor") to that motion, Docket No. 79, and Creditor's Motion for Adequate Protection, Docket No. 15.  All parties appearing at the hearing through counsel, including Debtor and Creditor, indicated on the record that the issues raised by the motions had been resolved by stipulation.  The Court therefore directed counsel for Debtor to prepare and submit an order incorporating the resolution and granting the stipulated relief, with approval by signature of the other counsel appearing.

MEMORANDUM OF DECISION - 1

On August 30, 2010, Debtor filed a Notice of Request for Entry of Order, Docket No. 105, in which it submitted a proposed order authorizing Debtor's use of cash collateral and providing certain adequate protection liens to Creditor and other parties. The order contains the signature approval of counsel for all parties as required by the Court except that of Creditor. On August 31, 2010, Creditor filed an Objection to Proposed Cash Collateral Order, Docket No. 107. In the objection, Creditor objects to certain provisions in Debtor's proposed order providing provisional adequate protection liens to another creditor, George Ellsworth; Creditor proposes entry of an alternative form of order submitted with its objection.

The Court has reviewed Debtor's proposed order, and Creditor's objection and proposed order. The Court concludes that Debtor's order contains appropriate, required provisions to adequately protect the interest of all potential secured parties, while at the same time, the order does not purport to determine, and instead reserves any consideration of the extent, priority or validity of any liens or security interests which may be claimed by the parties, including any lien claimed by Mr. Ellsworth. This is the correct approach in this procedural

MEMORANDUM OF DECISION - 2

context, and indeed, in the Court's view, it would be inappropriate to ignore any potential secured claims in the cash collateral order, even those that may, upon cursory review, appear possibly invalid or unenforceable.

Accordingly, based upon the record, the Court concludes that Creditor's objection to Debtor's proposed form of order should be denied, and that Debtor's order should be entered.

//end of text//

Dated: September 2, 2010

_____
Honorable Jim D. Pappas
United States Bankruptcy Judge

MEMORANDUM OF DECISION - 3